UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__03/20/2019__

KENNETH GRIGGS,

                              Plaintiff,

            -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

18-CV-0811 (VEC) (OTW)

ORDER ADOPTING REPORT &
RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

*Pro se* Plaintiff Kenneth Griggs commenced this action seeking review of the denial of

his application for supplemental security income ("SSI"). Dkt. 2. On February 16, 2018, this

Court referred the action to Magistrate Judge Andrew J. Peck. Dkt. 7. Upon Magistrate Judge

Peck's retirement, the case was reassigned to Magistrate Judge Ona T. Wang. Notice of

Reassignment (docket entry dated March 5, 2018). Judge Wang directed the parties to file a joint

stipulation by December 7, 2018, with Plaintiff's response to the Commissioner's initial draft

due by November 23, 2018. Dkt. 20. On December 7, 2018, because Plaintiff failed to respond

to the Commissioner's initial draft, the Court directed the Commissioner to file her portion of the

stipulation as a motion for judgment on the pleadings, with Plaintiff's opposition due on

December 21, 2018. Dkt. 22.

On December 7, 2018, the Commissioner moved for judgment on the pleadings,

contending that (1) the administrative record was adequately developed, (2) substantial evidence

supported the Administrative Law Judge's (ALJ's) conclusion that Plaintiff was capable of

performing light work, and (3) the ALJ was not biased against Plaintiff based on his

incarceration. Dkt. 23 at 16, 19, 26–27. Plaintiff did not file an opposition to the Government's

motion, and on February 12, 2019, Judge Wang issued a Report and Recommendation (R&R)

finding in favor of the Commissioner on all three issues and recommending that the Commissioner's motion be granted.  R&R (Dkt. 24) at 41–42.

The R&R notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), his deadline to file an objection to the R&R was fourteen days from the date of receipt of the R&R.  The R&R was mailed to Plaintiff on February 13, 2019.  Notice of Mailing (docket entry dated February 13, 2019).  More than a month has elapsed since the mailing, and Plaintiff has neither filed any objections to Judge Wang's R&R nor requested an extension.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  When no objections are made to a magistrate judge's report, a district court may adopt the report so long as "there is no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013).  Failure to file timely objections to the report of the magistrate judge also constitutes a waiver of those objections,[1] although the Court may exercise its discretion to consider waived arguments.  *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 603–05 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*)).

---

[1]     In this case, Magistrate Judge Wang's decision expressly warned that failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review.  R&R at 43.

## CONCLUSION

Upon careful review of the R&R and the record, the Court finds no clear error and agrees with Judge Wang's findings. Accordingly, the thorough and well-reasoned R&R is adopted in full, and Defendant's motion for judgment on the pleadings is GRANTED. The Clerk of Court is respectfully directed to terminate all pending deadlines and motions, close the case, and mail a copy of this order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. U.S.*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

**Date: March 20, 2019**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**